FILED - GR
March 24, 2025 1:17 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB  SCANNED BY: KB / 3/25

---

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

1:25-cv-324
Paul L. Maloney
United States District Judge

---

JEFFERY JACKSONEL,
Moorish American, Emperor of the Moorish Empire,
In Special Appearance, In Propria Persona,
Plaintiff,

v.

CITY OF GRAND RAPIDS,
COREY BURNS, Badge #102, in his individual and official capacity,
troy bloomer, badge #028, in his individual and official capacity,
MAGISTRATE JOHN DOE, 61st District Court, in his individual and official
capacity,
OTHER UNKNOWN STATE ACTORS,
Defendants.

Case No: _____
Assigned Judge: _____

---

 CIVIL COMPLAINT FOR VIOLATION OF CONSTITUTIONAL, TREATY, AND
FEDERAL LAW

WITH JUDICIAL NOTICE OF RECORD CORRECTION

---

I. INTRODUCTION

I, Jeffery JacksonEL, a Moorish American and Emperor of the Moorish
Empire, hereby appear in special appearance and in propria persona, and
file this Verified Civil Complaint, combined with Judicial Notice, for the

record. This action arises from grave constitutional violations, impersonation of judicial power, treaty breaches, and fraudulent jurisdiction exercised under color of law by state officers and unlawful tribunals. Only this Article III Court has lawful judicial power to hear and resolve such violations under the Supremacy Clause, Article III, and binding treaty law.

---

II. JURISDICTION AND VENUE

1. Jurisdiction is proper under Article III of the U.S. Constitution, 28 U.S.C. §§ 1331, 1343, and the Supremacy Clause.

2. Venue lies in this district under 28 U.S.C. § 1391(b) because all events occurred within the Western District of Michigan.

3. This Court has authority to enforce treaties pursuant to Article VI and the Treaty of Peace and Friendship (1836).

---

III. PARTIES

1. Plaintiff, Jeffery JacksonEL, is a Moorish American National, appearing in proper persona, not subject to U.S. statutory jurisdiction.

2. Defendant City of Grand Rapids is a corporate municipal entity under the State of Michigan.

3. Defendant Corey Burns is a Grand Rapids police officer acting under color of law without lawful jurisdiction or peace officer authority.

4. Defendant Magistrate John Doe is a judicial officer acting within a non-Article III court not created by Congress.

5. Other Defendants include all agents who conspired, enforced, or facilitated the unlawful restraint, arraignment, or deprivation of rights without lawful authority.

---

## IV. FACTUAL BACKGROUND

1. On March 20, 2025, Plaintiff was cited by Officer Corey Burns under alleged violations of Michigan state codes for loitering and disobedience.

2. On March 21, 2025, Plaintiff was arraigned in the 61st District Court, a non-Article III legislative tribunal.

3. Plaintiff was not permitted to challenge jurisdiction, assert treaty status, or appear properly in propria persona.

4. Plaintiff was subjected to commercial process, a false peace officer claim, and actions by a court impersonating a lawful judicial body.

5. All acts occurred without due process, standing, subject-matter jurisdiction, or treaty recognition.

---

## V. JUDICIAL NOTICE OF RECORD CORRECTION

Pursuant to F.R.E. 201, Plaintiff enters this Judicial Notice:

Only Article III courts possess judicial power.

State courts, such as the 61st District, are not created by Congress, lack life-tenure, and are not constitutional courts.

All charges, citations, arraignments, and bail arising from non-Article III proceedings are void ab initio.

Officer Corey Burns is not a lawful peace officer, but a code enforcer acting under color of law and outside constitutional authority.

Plaintiff is not a 14th Amendment citizen, but a Moorish American under the Treaty of Peace and Friendship (1836).

All acts against Plaintiff constitute fraud, impersonation of a court, and conspiracy to deprive rights.

---

## VI. CLAIMS FOR RELIEF

### Count I – Violation of Article III Judicial Power

Only Congress may ordain courts under Article III. The 61st District Court lacks judicial power. All actions taken therein are void.

### Count II – Treaty Violation: Treaty of Peace and Friendship (1836)

Plaintiff's treaty rights were ignored. Arrest and arraignment occurred without treaty inquiry, violating federal obligations under Article VI.

### Count III – Deprivation of 5th Amendment Due Process

No lawful notice, hearing, jurisdictional determination, or valid indictment. Due process was denied under both Constitution and treaty law.

### Count IV – Fraudulent Impersonation of a Court

The 61st District Court unlawfully posed as a constitutional court. This impersonation is an act of judicial fraud.

### Count V – Civil Rights Violation Under 42 U.S.C. § 1983

Defendants, under color of law, violated Plaintiff's constitutional and treaty rights. These violations were willful, reckless, and malicious.

### Count VI – Impersonation of a Peace Officer

Defendant Burns posed as a lawful peace officer. In truth, he acted as a corporate enforcement agent lacking constitutional authority.

---

## VII. WHY STATE COURTS ARE CONSTITUTIONALLY BARRED UNDER THE 10TH AMENDMENT
A. The 10th Amendment Does Not Grant Authority—It Restricts It
The 10th Amendment to the U.S. Constitution states:
"The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."
This clause functions as a rule of exclusion, not inclusion. It only reserves powers that:
Are not delegated to the United States, and
Are not prohibited to the States.
Therefore, any power expressly delegated to the federal government is permanently removed from State control and cannot be duplicated or

claimed under "reserved" powers.

B. Judicial Power Is Strictly and Exclusively Delegated to the United States
Article III, Section 1 provides:
"The judicial Power of the United States, shall be vested in one Supreme
Court, and in such inferior Courts as the Congress may from time to time
ordain and establish."
This is an exclusive delegation of judicial power:
Judicial power is vested solely in the one Supreme Court and inferior courts
created by Congress.
No provision exists permitting States to create or maintain courts exercising
judicial power under the Constitution.
The term "vested" is legally binding—it means entirely placed in and
exclusively belonging to the national structure.

C. Unified Judiciary Was the Intent of the Constitution
Under the failed Articles of Confederation, States operated independent
courts that produced chaos and contradiction.
The Constitution corrected this instability by creating one national judiciary,
with all judicial power unified under Article III.
Dual sovereign judicial systems were abolished by constitutional design.
Thus, state courts—especially supreme courts and district courts not created
by Congress—are not merely extra-constitutional; they are unconstitutional.

D. The 10th Amendment Blocks States from Reclaiming or Mirroring Judicial
Power
Once the Constitution delegates a power to the United States, that power:
Cannot be exercised by the States, and
Cannot be reduplicated through municipal, corporate, or statutory entities.
The 10th Amendment reserves powers only where no express delegation or
prohibition exists.
Because judicial power is:
Expressly delegated (Article III), and
Not permitted to be duplicated by the States,
...any judicial body created by a State (including municipal courts, family
courts, district courts, or administrative tribunals) is a legal nullity
operating in fraudulent jurisdiction.

E. A Parallel Example: Currency
Article I, Section 8 delegates to Congress:
"To coin Money, regulate the Value thereof..."
Article I, Section 10 prohibits the States from:
"coin[ing] Money; emit[ting] Bills of Credit..."
Thus:
Only Congress can issue lawful money.
States cannot duplicate that power.
Likewise, States cannot create courts, as judicial power is vested in the
United States alone.

F. Legal and Logical Conclusion
Any judicial body not created under Article III by Congress:
Does not possess life-tenured judges,

Does not ensure salary protection,
Is not subject to constitutional checks,
And therefore cannot lawfully exercise judicial power.
Any decision, arrest, citation, arraignment, or order made by such a body is void ab initio—having no force or authority in law from its inception.
State courts are unconstitutional duplications of federal judicial power, and all acts committed under such presumed authority are fraudulent and null.

---

## VIII. LACK OF LAWFUL POLICE AUTHORITY AND FRAUDULENT PEACE OFFICER DESIGNATION

The United States Constitution does not grant Congress, the Executive, or the Judiciary the authority to create or operate police forces. Nowhere in Articles I, II, or III is any such power delegated. The institution of modern police departments is entirely absent from the organic law of the land. As such, any claim to police power must be constitutionally scrutinized and cannot be presumed lawful merely by legislative tradition or municipal convenience.

Historically, the term "peace officer" referred to a person authorized under common law to protect the peace. Such officers were oath-bound to uphold the Constitution, accountable to Article III courts, and were under obligation to serve and protect the natural rights of the people. Their lawful jurisdiction extended only to violations of true law—namely, acts involving injury, trespass, breach of the peace, or harm to others.

In contrast, modern police officers are corporate agents acting under municipal or state charters. They enforce statutes, codes, ordinances, and commercial policy—not constitutional law. Their authority flows not from the Constitution or the people but from administrative bodies. They serve corporate interests rather than the public good and are accountable to departmental policy, insurance liability, and municipal regulations—not constitutional checks and balances.

This fundamental distinction is crucial. A true peace officer upholds the law and protects life, liberty, and property. A municipal police officer enforces codes and commercial statutes, often targeting victimless infractions, issuing citations, and generating revenue through legal instruments that mirror admiralty processes rather than lawful criminal justice.

Officer Corey Burns, acting on behalf of the Grand Rapids Police Department, falsely identified himself as a "peace officer" while issuing a citation for loitering and failure to obey a command. In reality, he was acting as a municipal code enforcer under corporate authority, not as a constitutional officer of the law. His actions were carried out without lawful jurisdiction, without an injured party, without due process, and without warrant or indictment from a lawful Article III court. Such actions are void ab initio.

The Tenth Amendment cannot be invoked to justify such municipal enforcement where constitutional limits have already been set. The judiciary power of the United States is expressly and exclusively vested in the Supreme Court and such inferior courts as Congress may establish. Law enforcement, as an extension of that judicial power, cannot be assumed by municipalities without violating Article III and the Supremacy Clause.

Moreover, when a State or its subdivisions purport to exercise police power over treaty nationals or assert jurisdiction in the absence of a lawful Article III court, such exercise is fraudulent and unconstitutional. The issuance of citations, threats of incarceration, or administrative enforcement against a Moorish American under treaty protection and constitutional standing is an act of legal impersonation.

Thus, Officer Corey Burns acted outside the scope of any lawful authority and under color of law—not law itself. He did not act as a lawful peace officer but as a policy enforcer of a corporate body. The citation issued is unlawful, the jurisdiction presumed is fictitious, and the proceeding initiated is constitutionally void.

Accordingly, Plaintiff asserts that the entire arrest and citation process lacks legal force and was executed through impersonation of judicial and peace officer authority. It constitutes a direct violation of constitutional and treaty law, and all resulting proceedings, detentions, or sanctions must be dismissed as ultra vires and void.

---

IX. AFFIRMATION OF CONSTITUTIONAL GRAMMAR AND DELEGATED JUDICIAL POWER

This section affirms, as a matter of textual law and grammatical construction, that Plaintiff's interpretation of the Constitution is not based on mere theory, belief, or political philosophy—it is grounded in the exact and immutable language of the organic law of the land. The judicial structure described in the Constitution is not open to reinterpretation, reallocation, or duplication by State actors or municipal subdivisions. This is a matter of grammatical fact, not subjective interpretation.

A. Definitive and Singular Language of Article III

The language of Article III, Section 1 states:

> "The judicial Power of the United States, shall be vested in one Supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."

Each word in this clause functions grammatically to exclude any possibility of other court systems existing outside the authority of Congress:

"The judicial Power" uses the definite article "the," denoting one single,

specific source of authority.

"Shall be vested" is a mandatory phrase conveying that judicial power is entirely and exclusively deposited in a specific structure—not merely shared or distributed.

"In one Supreme Court" (not "a Supreme Court") affirms unity, singularity, and the absence of any judicial parallel.

"And in such inferior Courts as the Congress may... establish" further narrows the field—only Congress is authorized to establish additional courts. No other entity—state, municipal, or administrative—is permitted to do so.

This clause is written in the active voice, with the federal judiciary as the sole recipient of the delegated power. Thus, any body claiming judicial power outside of Congress's creation is constitutionally illegitimate and grammatically excluded.

B. The 10th Amendment's Restrictive Construction

The 10th Amendment states:

> "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

Grammatically, this clause contains two conditions for a State to legitimately exercise a power:

1. The power must not be delegated to the United States, and

2. The power must not be prohibited to the States.

If either condition fails, the power is not reserved.

Judicial power fails the first condition because it is delegated—to the United States under Article III. Therefore, the States cannot retain, mimic, or revive this power.

Thus, state-created courts do not operate under a reserved power. They exist contrary to the Constitution's express allocation and structure. Their existence is grammatically prohibited by the structure and syntax of Articles III and X.

C. Supremacy Clause Enforces This Grammatical Finality

Article VI affirms:

> "This Constitution, and the Laws of the United States... and all Treaties... shall be the supreme Law of the Land..."

This clause ensures that no conflicting laws, courts, or claims of power from States can override the Constitution's plain text. The term "shall be" is absolute. There is no grammatical room for dual court systems, implied powers, or parallel sovereignty.

D. Conclusion

The Constitution's grammar leaves no ambiguity:

The definite articles, singular nouns, and mandatory verbs establish exclusivity.

The structural syntax of the clauses limits delegation to the federal government alone.

The 10th Amendment does not rescue State courts—it excludes them where a power is already delegated.

Therefore, Plaintiff's challenge is not speculative. It is an invocation of grammatical law, interpretive fidelity, and supreme authority—binding on all officers, courts, and agencies, both State and Federal.

---

X. SUPREMACY OF TREATY OVER MUNICIPAL AUTHORITY

Even assuming, arguendo, that the City of Grand Rapids were founded on lawful authority, its jurisdiction remains subordinate to the Constitution and all ratified treaties.

The Treaty of Peace and Friendship (1836) is an enforceable international agreement between the United States and the Moorish Empire. Under Article VI of the U.S. Constitution, it stands as supreme law, superior to all:

State constitutions, statutes, or municipal charters;

City ordinances or administrative regulations;

Judicial acts of non-Article III tribunals, such as district and municipal courts.

As a Moorish American, Plaintiff is a protected national under this treaty and not a 14th Amendment citizen subject to municipal commercial codes. Therefore:

> No court, city, officer, or agency deriving its power from a municipal charter or legislative enactment can lawfully override, ignore, or circumvent treaty protections guaranteed by the supreme law of the land.

Thus, regardless of the origin, history, or structure of the City of Grand Rapids, its actions against Plaintiff are void ab initio when they conflict with treaty rights—especially where there is no injured party, no lawful indictment, and no competent Article III jurisdiction.

---

---
XI. RELIEF REQUESTED

Plaintiff demands:

1. Declaratory Relief: That all proceedings, charges, and citations were void for lack of jurisdiction and treaty recognition.

2. Monetary Damages: $1,000,000,000 (one billion) in specie-backed constitutional currency, as mandated by Article I, Section 10.

3. Punitive Damages: For impersonation, constitutional fraud, emotional distress, and reputational harm.

4. Injunctive Relief: Permanent injunction barring state or municipal bodies from future unlawful action against Plaintiff.

5. Record Correction: Judicial affirmation that Plaintiff is a Moorish American not subject to 14th Amendment jurisdiction.

6. Costs and Fees: All legal fees, time, and harm incurred by unlawful proceedings.

7. Other Relief: Any lawful remedy this Court deems just.

---

## XII. VERIFICATION

I, Jeffery JacksonEL, affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge, belief, and lawful standing. I reserve all rights, waive none.

Executed this day, March 22, 2025
Respectfully and lawfully submitted,

Jeffery JacksonEL
Moorish American, Emperor of the Moorish Empire
In Special Appearance, In Propria Persona

1238 Calvin Avenue SE
Grand Rapids, Michigan 49506

Signature: _____
Date: _____ 03.24-2025

---